# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE CVS PHARMACY, LLC, ET AL., <br><br> *Plaintiffs,* <br> v. <br><br> TENNESSEE BOARD OF PHARMACY, ET AL., <br><br> *Defendants.* | Civil Case No.: 3:26-cv-00685 <br><br> JUDGE RICHARDSON |
| EXPRESS SCRIPTS, INC., ET AL., <br><br> *Plaintiffs,* <br> v. <br><br> MARLIN BLANE, ET AL., <br><br> *Defendants.* | Civil Case No.: 3:26-cv-00806 <br><br> JUDGE RICHARDSON |
| PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION, <br><br> *Plaintiffs,* <br> v. <br><br> MARLIN BLANE, ET AL., <br><br> *Defendants.* | Civil Case No.: 3:26-cv-00816 <br><br> JUDGE RICHARDSON |
| UNITEDHEALTH GROUP, INC., ET AL., <br> *Plaintiffs,* <br> v. <br><br> MARLIN BLANE, ET AL., <br><br> *Defendants.* | Civil Case No.: 3:26-cv-00818 <br><br> JUDGE RICHARDSON |

**DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE CASES, EXTEND THE TIME TO RESPOND TO THE PLEADINGS, AND EXTEND THE PAGE LIMITATIONS FOR ANY RESULTING BRIEFING RELATED TO THOSE PLEADING RESPONSES**

The various plaintiff groups have sued Defendants in four separate cases challenging the Freedom, Access, and Integrity in Registered Pharmacy (FAIR Rx) Act. All four cases share common questions of law and fact and are suitable for consolidation under Federal Rule of Civil Procedure 42(a). Accordingly, Defendants move to consolidate the following cases pending in this Court for discovery, dispositive motions, and trial: *CVS Pharmacy LLC v. Tenn. Bd. of Pharm.*, No. 3:26-cv-685; *Express Scripts, Inc. v. Blane*, No. 3:26-cv-806; *Pharmaceutical Care Management Association v. Blane*, No. 3:26-cv-816; and *UnitedHealth Group, Inc. v. Blane*, No. 3:26-cv-818. This motion, which is unopposed, should be granted for the following reasons.

## BACKGROUND

The Tennessee General Assembly passed, and Governor Lee signed, Senate Bill 2040, the FAIR Rx Act, earlier this year with strong bipartisan support. The bill forbids any person or entity from owning (greater than 5% interest) or controlling both a pharmacy as well as a "health insurance issuer" and a "pharmacy benefits manager." But this prohibition does not apply until July 2028.

2

The *CVS Pharmacy* plaintiffs challenged the bill in this Court on the day Governor Lee signed it. Several weeks later, the other plaintiff groups brought their respective actions. *Express Script* plaintiffs filed suit on June 12, 2026, and amended their complaint as of right a week later. The *UnitedHealth Group* and the *Pharmaceutical Care Management Association* plaintiffs brought their respective actions on June 15, 2026. In short order, each case that was not originally assigned to Judge Richardson was transferred to him as a related case. *E.g.*, Order, *Express Scripts, Inc. v. Blane*, No. 3:26-cv-806 (June 17, 2026), Doc. 22; Order, *UnitedHealth Group, Inc. v. Blane*, No. 3:26-cv-818 (June 29, 2026), Doc. 7.

Plaintiffs in each case seek declaratory and injunctive relief. And the claims are substantially similar. Each complaint, for example, alleges that the Act violates or is preempted by (1) the Commerce Clause; (2) the Employee Retirement Income Security Act of 1974; and (3) the Medicare Prescription, Drug, Improvement, and Modernization Act of 2003.

To be sure, while there is significant overlap between the cases, some have asserted challenges to the FAIR Rx Act that were not brought by the others. The *CVS Pharmacy* and *UnitedHealth Group* plaintiffs, for example, bring a claim under the Takings Clause. Compl. ¶¶187–97, *CVS Pharmacy LLC v. Tenn. Bd. of Pharm.*, No. 3:26-cv-685, Doc. 1; Compl. ¶¶134–54, *UnitedHealth Group, Inc. v. Blane*, No. 3:26-cv-818, Doc. 1. And the *Express*

3

*Scripts* plaintiffs have a unique claim that the FAIR Rx Act is preempted by the federal TRICARE program, *see* Am. Compl. ¶¶135–48, *Express Scripts, Inc. v. Blane*, No. 3:26-cv-806, Doc. 23, which is the sole basis of a pending motion for a preliminary injunction. *See* Pls.' Mot. Prelim. Inj., *Express Scripts, Inc. v. Blane*, No. 3:26-cv-806, Doc. 25.

## STANDARD

Federal Rule of Civil Procedure 42 allows district courts, in their discretion, to consolidate cases if they "involve a common question of law or fact." Courts deciding whether to consolidate cases consider

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted).

## ARGUMENT

This Court should exercise its discretion to consolidate these four cases. The benefit of consolidation is that it can serve to streamline judicial administration. 2 Steven S. Gensler, *Federal Rules of Civil Procedure*, Rules

4

and Commentary § 42:1 (June 2026 Update). That benefit would be realized with consolidation here.

As outlined above, each case involves multiple common questions of law since each brings the same three claims challenging the FAIR Rx Act. Two of the four cases share a claim not brought by the other two. The only claim across the four cases that is unique is the TRICARE claim brought by the *Express Scripts* plaintiffs. The cases are otherwise similar. They challenge the same act, before the same judge, seeking the same relief. The cases should therefore be consolidated to preserve judicial and party resources both here and on appeal.

And in consolidating the cases, the Court should also allow Defendants—if they decide not to Answer—to respond to each of the four complaints in a single, 75-page Rule 12 motion and a single 40-page reply (subject to revision depending on whether Plaintiffs file a single consolidated response or multiple responses). Defendants are confident that they can adequately challenge the legal adequacy of each of the claims brought across these four actions in a single document and allowing them to do so would save the Court—and Plaintiffs—the burden of having to review four nearly identical motions. Plaintiffs will minimize duplication in responding to the motion to dismiss, and after reviewing Defendants' motion will discuss whether filing a consolidated

5

response is practical. Under the proposed case schedule below, Defendants would file their consolidated Motion to Dismiss on August 21, 2026.

Consolidation would allow the Court to set a single, global schedule to govern discovery in all cases, deadlines for filing motions, and ultimately trial. The parties have agreed to the following schedule.

| Item | Deadline |
|---|---|
| Initial Disclosures (Rule 26(a)(1)) | August 3, 2026 |
| Motions to Amend / Add Parties | August 14, 2026 |
| Global Responsive Pleading Deadline | August 21, 2026 |
| Initial CMC | August 26, 2026 |
| Last Day to Serve Written Discovery | October 30, 2026 |
| Subsequent Case Management Conference | November 6, 2026 |
| Discovery Motions Deadline | November 9, 2026 |
| Close of Fact Discovery | November 19, 2026 |
| Joint ADR / Status Report | November 24, 2026 |
| Dispositive Motions Deadline | December 15, 2026 |
| Responses to Dispositive Motions | 30 days after motion |
| Replies to Dispositive Motions | 21 days after response |

If the Court were to agree to this schedule, it will allow for the timely review of the issues raised in the various complaints as each Plaintiff is seeking expedited review of the legal issues raised in these companion cases.

## LOCAL RULE 7.01(a)(1) CERTIFICATION

The undersigned has conferred with counsel for Plaintiffs who does not oppose the relief requested.

6

July 23, 2026

Respectfully submitted,

<u>/s/ Edward H. Trent</u>
Edward H. Trent (BPR# 30045)
Gene C. Schaerr\* \*\*
Joshua J. Prince\* \*\*
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Fax: (202) 776-0136
etrent@schaerr-jaffe.com

\*Admitted *pro hac vice* in
Case Nos. 3:26-cv-806, -816, -818

\*\**Pro hac vice* application forthcoming
in Case No. 3:26-cv-00685

JONATHAN SKRMETTI
Attorney General and Reporter

<u>/s/ Michael Wennerlund</u>
Michael Wennerlund (BPR# 31332)
Assistant Attorney General
Office of the Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, Tennessee 37202-0207
Michael.Wennerlund@ag.tn.gov
Telephone: (615) 741-8950

*Counsel for Defendants*

7