**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: TENNESSEE SENATE BILL 2040 | Master Case No.: 3:26-cv-00685<br><br>Consolidated with Case Nos.: 3:26-cv-00806 3:26-cv-00816 3:26-cv-00818<br><br>JUDGE RICHARDSON<br><br>MAGISTRATE JUDGE FRENSLEY |

# DEFENDANTS' OPPOSITION TO PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION'S MOTION TO COMPEL NONPARTY LEGISLATORS TO PRODUCE DOCUMENTS

## INTRODUCTION

Plaintiff Pharmaceutical Care Management Association ("PCMA") served document subpoenas on six nonparty legislators and now asks this Court to compel production of every draft, analysis, and communication those legislators have about the FAIR Rx Act. *See* Mot. to Compel, Dkt. No. 79. The subpoenas reach Defendants' own privileged files, so they may object even though the papers were served on the legislators. *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002). The Court should deny PCMA's motion for three independent reasons related to Defendants' privilege.

First, if members of the Board of Pharmacy communicated with the legislators about the FAIR Rx Act, their communications share the deliberative-process privilege asserted in the legislators' opposition because they are intra-governmental deliberations with the General Assembly. A party may "withhold[]

information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5)(A), and the subpoenaed legislators were right to do so here.

Second, any members of the Board of Pharmacy who advised or consulted the General Assembly on the legislation hold a legislative privilege over pre-enactment recommendations and the resulting intra-governmental debate. While that should end the inquiry, even if the Court applies a balancing test to the deliberative process or legislative privilege, PCMA cannot satisfy that test.

Third, any legal advice that the Attorney General gave to the General Assembly is subject to the attorney-client privilege because he is required to assist the General Assembly in the discharge of its official duties.

For each reason, the Court should deny the motion to compel.

## STANDARD OF REVIEW

Courts in this Circuit recognize that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctrs., Inc.*, 364 F. Supp. 3d 758, 767 (E.D. Mich. 2018) (citation omitted). Federal Rule of Civil Procedure 26(b) thus sets the guideline against which this Court should review PCMA's motion to compel.

## ARGUMENT

The five categories of documents and communications sought from the six legislators are protected for three reasons.[1]

[1] "[A]bsent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002). Defendants therefore address only their own privileges over communications with the General Assembly. The legislators' opposition separately explains why the requests fail Rule 26.

First, if there are any communications between members of the Board of Pharmacy and the legislators, they share the deliberative-process privilege the legislators already assert. The deliberative process privilege shields from disclosure "intra-governmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Sanford v. City of Detroit*, 355 F. Supp. 3d 619, 623 (E.D. Mich. 2019) (citation omitted). The privilege covers "deliberative" or "evaluative" material. *Id.* And the privilege is based on the obvious realization that "candid and confidential internal debate is necessary to enable government officers to carry out their functions." *Liuzzo v. United States*, 508 F. Supp. 923, 937 (E.D. Mich. 1981).

Through its requests, PCMA seeks "drafts, amendments, analyses, intergovernmental and legislative communications, comparison materials related to Arkansas Act 624, and the Fair-Rx Act's . . . anticipated impact on Tennessee pharmacies." Mot. to Compel at 1. But any such documents that members of the Board of Pharmacy provided to the General Assembly reflect their protected deliberations with it.

Second, members of the Board of Pharmacy have a legislative privilege over any communications they made in consulting the General Assembly. Courts have recognized that the legislative privilege extends to consultants of legislators in the executive branch. *See Plain Loc. Sch. Dist. Bd. of Educ. v. DeWine*, 464 F. Supp. 3d 915, 919 n.2 (S.D. Ohio 2020) (the legislative privilege "applies equally to both" "the members of the General Assembly and their legislative aides"); *League of United Latin Am. Citizens v. Abbott*, 708 F. Supp. 3d 870, 880 (W.D. Tex. 2023)

(executive officials who "acted as an aide or consultant to the legislator" may also assert the legislative privilege), *appeal dismissed*, No. 24-50128, 2025 WL 1467462 (5th Cir. May 22, 2025). Specifically, the privilege "protects information shared with a legislator by a third party" or vice versa to "prepar[e] or vot[e] on legislation," including "reports or analyses prepared for a legislator" "in the possession of the executive branch or outside consultants." *League of United Latin Am. Citizens*, 708 F. Supp. 3d at 878–79 (citation omitted from first two quotations). Here, members of the Board of Pharmacy who communicated with the Legislature hold a legislative privilege over any documents in which they "acted as an aide or consultant to the legislator." *Id.* at 880.

The legislative privilege is unqualified, as several courts of appeals have held. *See, e.g.*, *Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339, 1344–45 (11th Cir. 2023) ("[W]e are reluctant to adopt a manipulable balancing test" for the legislative privilege; "[n]one of our sister circuits have subjected the [legislative] privilege to such a test, and at least four of them have rejected this approach." (collecting cases)). Accordingly, PCMA's motion to compel should be denied.

But even if the deliberative process and legislative privileges were qualified, PCMA cannot overcome the privileges. The district courts that apply a balancing test to the privileges consider five factors: (1) "the relevance of the evidence sought to be protected"; (2) "the availability of other evidence"; (3) "the 'seriousness' of the litigation and the issues involved"; (4) "the role of the government in the litigation"; and (5) "the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Plain Loc. Sch. Dist.*,

464 F. Supp. 3d at 923 n.8 (citation omitted) (concerning legislative privilege); *E.E.O.C. v. Burlington Northern*, 615 F. Supp. 2d 717, 720–21 (W.D. Tenn. 2009) (concerning deliberative process privilege)*, appeal denied*, 621 F. Supp. 2d 603 (W.D. Tenn. 2009). These factors weigh in favor of applying both privileges.

As to relevance, whether the Act is federally preempted is a legal question, judged by looking to the text of the FAIR Rx Act and the federal statutes or constitutional provisions that PCMA claims preempt it. To decide if the corporate-form rule discriminates against interstate commerce, the Court will consider the Act's text and effects, not the nonpublic correspondence of individual legislators. *See* Defs.' Mot. to Dismiss at 10–14, Dkt. No. 76 (collecting cases); *see also Am. Beverage Ass'n v. Snyder*, 735 F.3d 362, 371 (6th Cir. 2013) ("To determine whether a state regulation purposefully discriminates within interstate commerce," the Sixth Circuit "turn[s] to the actual language in the statute."). The same is true for PCMA's other claims. Whether ERISA or Medicare Part D preempts the Act depends on what the Act itself regulates and its effects. *See* Defs.' Mot. to Dismiss at 22–24 (citing 29 U.S.C. § 1144(a) and *Rutledge v. Pharm. Care Mgmt. Ass'n*, 592 U.S. 80, 86–88 (2020)), 27–36 (citing 42 U.S.C. § 1395w-26(b)(3) (as incorporated by 42 U.S.C. § 1395w-112(g))).

As to the remaining factors, PCMA can learn of legislative motive in other ways, such as through the public legislative hearings during which proponents of the Act explained their reasons for supporting the bill. And while the litigation is certainly a "serious" challenge to the FAIR Rx Act's constitutionality, by compelling the production of these privileged documents, this Court would be encouraging future government employees to fear sharing their candid opinions

and analyses of pending bills lest their internal discussions and thoughts become discoverable. *See Mich. State A. Philip Randolph Inst. v. Johnson,* No. 16-CV-11844, 2018 WL 1465767, at *7 (E.D. Mich. Jan. 4, 2018) (applying the privilege to prevent that harm).

Third, beyond the legislative privilege held by board members over their communications with the General Assembly, any documents that would otherwise be discoverable that reflect the Attorney General's legal advice to the General Assembly are protected by the attorney-client privilege. The Attorney General acts as the legislators' legal counsel when legislators seek the Attorney General's opinion on a bill. *See* Tenn. Code Ann. § 8-6-109(b)(5), (6) (the Attorney General is required to "give the . . . members of the general assembly . . . when called upon, any legal advice required in the discharge of their official duties" and "written legal opinions on all matters submitted by them in the discharge of their official duties."). Any documents created when the Attorney General was acting in that capacity are not discoverable because they contain his legal advice. *See Ross v. City of Memphis*, 423 F.3d 596, 600–03 (6th Cir. 2005) (recognizing that government entities can assert the attorney-client privilege in civil cases).

## CONCLUSION

PCMA invites this Court to compel the production of documents that are privileged. The Court should deny its motion.

September 10, 2026

Respectfully submitted,

*/s/ Edward H. Trent*

Edward H. Trent (BPR# 30045)
Gene C. Schaerr (*pro hac vice*)
Joshua J. Prince (*pro hac vice*)
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Telephone: (202) 787-1060
Fax: (202) 776-0136
etrent@schaerr-jaffe.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that Defendants' opposition to Pharmaceutical Care Management Association's motion to compel nonparty legislators to produce documents was served upon counsel of record for PCMA and all other Plaintiffs in this consolidated action via the Court's CM/ECF filing system this 10th day of September, 2026.

*/s/ Edward H. Trent*
Edward H. Trent (BPR# 30045)