**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: TENNESSEE SENATE BILL 2040 | Master Case No.:<br>3:26-cv-685<br><br>Consolidated with Case Nos.:<br>3:26-cv-806<br>3:26-cv-816<br>3:26-cv-818<br><br>JUDGE RICHARDSON<br><br>MAGISTRATE JUDGE FRENSLEY |

# PLAINTIFF PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL NONPARTY LEGISLATORS TO PRODUCE DOCUMENTS

The opposition is rife with overstatement. It accuses plaintiffs of seeking "virtually limitless" and "unfettered access to the internal workings of the General Assembly," likening the motion to a request for court-ordered "conscript[ion]" of the Legislators. Opp. 1, 3, 16. It also dramatically oversells the burdens of production, even while failing to provide any concrete facts or evidence by which to evaluate the burden. Measured against relevant binding precedent, as well as many other oft-cited cases, the motion to compel is not a close call—it should be granted.[1]

**ARGUMENT**

The Legislators acknowledge (Opp. 7) that "PCMA seeks to prove that the Tennessee legislature acted unconstitutionally" under the Commerce Clause by favoring local economic interests and discriminating against out-of-state ones. Despite that legislative purpose is an express element of the Commerce Clause analysis, they take the stunning

---

[1] Defendants filed a separate opposition brief (*see* Dkt. No. 88), but they lack standing to do so absent a personal privilege in the documents subpoenaed from nonparties. *See Donahoo v. Ohio Dep't of Youth Servs.*, 211 F.R.D. 303, 306 (N.D. Ohio 2002). They have none.

Their asserted deliberative-process privilege does not justify withholding documents that they have shared with legislators. It is well settled that the deliberative-process privilege is waived when documents are share outside the executive branch: "[T]he executive waives that privilege when it shares materials outside of the executive branch, including with the legislature." *League of United Latin Am. Citizens v. Abbott*, 2022 WL 3233406, at *4 (W.D. Tex. Aug. 10, 2022); *see also Gilby v. Hughs*, 471 F. Supp. 3d 763, 767–68 (W.D. Tex. 2020).

Nor can Defendants (members of the executive branch) assert legislative privilege belonging to the legislators; that privilege must be asserted and supported by the Legislators themselves, with document-specific showings and not generalized argument. *See Bethune-Hill v. Va. State Bd. of Elections*, 114 F. Supp. 3d 323, 343–45 (E.D. Va. 2015). And in any event, legislative privilege does not protect communications with outsiders, lobbyists, or interest groups merely because they concern legislation. *See Texas v. Holder*, 2012 WL 13070060, at *2 (D.D.C. June 5, 2012); *Bethune-Hill*, 114 F. Supp. 3d at 343–45. At most, any properly asserted legislative privilege is qualified and overcome here under *Hargett*'s five-factor balancing test, as we show below.

Defendants also cannot invoke attorney-client privilege on behalf of the Legislature. *See Bethune-Hill*, 114 F. Supp. 3d at 346 ("As with the legislative privilege, the attorney-client privilege must be asserted and established by the privilege holder."). Regardless, PCMA does not seek attorney-client communications or work product, and the legislators must produce nonprivileged responsive documents and provide a compliant privilege log for anything withheld. *See* Fed. R. Civ. P. 45(e)(2)(A)(ii); Statement of Compliance at 1.

position (Opp. 14-16) that PCMA must uncritically accept the "stated purpose" of the Act as declared by lawmakers themselves, and that it is altogether "improper" to seek evidence concerning "legislative intent" in this case. They accordingly assert absolute Eleventh Amendment immunity and qualified legislative immunity against production.

If that were the law, it is hard to see how federal constitutional cases involving questions of legislative purpose and credible allegations of legislative pretext ever could be litigated. But it is *not* the law. Eleventh Amendment immunity does not apply, because the subpoenas are not suits against the State. And legislative privilege does not apply because the Sixth-Circuit-approved balancing test weighs strongly in PCMA's favor. The subpoenas are narrow and targeted, and common sense suggests that compliance will not be a serious burden, especially since the Legislature is not currently in session and the Legislators accordingly will *not* be "pull[ed] . . . away from their legislative duties," as the opposition misleadingly suggests. Opp. 2; *see also* Opp. 9.

**I. Sovereign immunity does not bar the subpoenas**

The Legislators begin with a sweeping assertion of "sovereign immunity" that, if adopted, would bar all discovery from state officials in federal constitutional cases. But it bears clarification that the Legislators mean to invoke Eleventh Amendment immunity (which bars suits against a State in *federal* court), and not sovereign immunity (which bars suits against a State "in that State's own courts or in the courts of another State"). *Galette v. New Jersey Transit Corp.*, 607 U.S. 509, 519 (2026). That matters because, by its terms, the Eleventh Amendment bars in federal court only "*suit[s]* in law or equity, commenced or prosecuted *against* one of the United States." U.S. Const. amend. XI (emphasis added). That leaves ample room for States to "be bound by some judicial actions without their consent." *Tennessee Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004). And as the First Circuit recently observed, "the service of a federal subpoena on an employee of an

entity that is protected by sovereign immunity . . . is neither a suit, nor [is it] against the entity." *DOJ v. Ricco Jonas*, 24 F.4th 718, 727 (1st Cir. 2022) (cleaned up) (quoting *United States v. Juvenile Male 1*, 431 F. Supp. 2d 1012, 1016 (D. Ariz. 2006)); *accord Charleston Waterkeeper v. Frontier Logistics, L.P.*, 488 F. Supp. 3d 240, 248 (D.S.C. 2020) (holding that the Eleventh Amendment "does not preclude a court from enforcing the subpoena against [a state agency or] its employees").

PCMA has not sued the Legislators or the State of Tennessee. These consolidated suits are against the individual members of the Board of Pharmacy to bar enforcement of an unconstitutional state law. "[A] suit that claims that a state official's actions violate the constitution . . . is not deemed a suit against the state, . . . so long as the suit seeks only equitable and prospective relief against [the] named state official," as here. *Enbridge Energy, LP v. Whitmer*, 135 F.4th 467, 473 (6th Cir. 2025) (cleaned up). And if these actions are not suits against the State within the meaning of the Eleventh Amendment, simple subpoenas for evidence served in connection with them assuredly are not, either. A contrary view would produce "ludicrous" results, depriving plaintiffs in Section 1983 suits of all ability "to prove [their] case, if any required proof is in the hands of" a state official. *Allen v. Woodford*, 544 F. Supp. 2d 1074, 1079 (E.D. Cal. 2008).

For contrary support, the Legislators rely mainly on *Russell v. Jones*, 49 F.4th 507 (5th Cir. 2022), and *Mick v. Gibbons*, 171 F.4th 1097(8th Cir. 2026). But *Russell* is inconsistent with historical precedent. *See United States v. Burr*, 25 F. Cas. 30, 32–34 (C.C.D. Va. 1807) (No. 14,692) (Chief Justice Marshall permitting a subpoena to issue to President Jefferson for his personal correspondence). And a judge of this District recently rejected it as "not . . . persuasive" because it would mean state officials "could never be required to testify at deposition or trial," which is "simply not the case." *Reguli v. Woodruff*, 2026 WL 2337559, at *4 (M.D. Tenn. Aug. 12, 2026).

As for *Mick*, the Eighth Circuit there *declined* a "categorical ruling" and affirmed that "at least in some instances, a State may not invoke its Eleventh Amendment immunity when refusing to comply with a non-disruptive third-party discovery subpoena." 171 F.4th at 1105; *see also id.* (Erickson, J., concurring) ("State entities are not exempt from complying with discovery requests in a federal action.").

**II. The subpoenas are relevant and proportional under Rules 26 and 45**

The documents sought are relevant to the dormant Commerce Clause claim. The Supreme Court and Sixth Circuit repeatedly hold that such a claim turns on text, *purpose*, and effect. *Energy Mich. v. Mich. Pub. Serv. Comm'n*, 126 F.4th 476, 486–87 (6th Cir. 2025); *Bacchus Imports v. Dias,* 468 U.S. 263, 270 (1984). Other cases express skepticism only about whether discriminatory purpose alone suffices; they do not hold that purpose is irrelevant or overrules the governing framework. *See Truesdell v. Friedlander*, 80 F.4th 762, 772–73 (6th Cir. 2023); *Foresight Coal Sales, LLC v. Chandler*, 60 F.4th 288, 296 n.1 (6th Cir. 2023). Here, Requests 1–4 seek evidence of the Act's purpose, drafting, amendments, and anticipated effects; Request 5 seeks evidence of effects directly. All five requests are thus plainly relevant to PCMA's dormant Commerce Clause claim.

The subpoenas are not unduly burdensome. Each contains just five requests, concerns the Act and related materials, and covers the short, clearly defined period since June 1, 2025. PCMA confirmed that it seeks only documents, not narratives about oral communications; does not seek attorney-client or work-product materials; and will not seek indefinite supplementation. The "virtually limitless" definitions are in fact standard, and the Legislators give no concrete estimate of volume, cost, or time. Their nonparty status does not justify failing to show their claimed burden. And if the subpoenas here were unduly burdensome, it's hard to imagine what discovery requests would be permissible.

## III. The Legislators' privilege objection fails

The assertion of legislative privilege fares no better. (Of course, the privilege would never arise if the Legislators were right about the Eleventh Amendment—a point they do not address.) To start, the privilege does not protect documents shared with persons outside the legislature or commentary and analysis after enactment. *Bethune-Hill*, 114 F. Supp. 3d at 331–32, 343. Because the subpoenas reach communications both internal *and external*, and both before *and after* enactment, the Legislators perforce cannot withhold everything. They must produce documents that cannot be covered by the privilege, identifying specific withheld documents in a privilege log. There is no other way to evaluate the assertion of privilege here.

Even for materials arguably integral to the lawmaking process, as to which the privilege might apply, the *Hargett* factors favor production. *See Nashville Student Org. Committee v. Hargett*, 123 F. Supp. 967, 970 (M.D. Tenn. 2015). This is a plainly serious constitutional case. The Legislators say (Opp. 20) there are "no federal interests" in this case beyond the baseline interest in enforcing the Constitution. Nonsense. Before the Constitution, States imposed rival trade rules and tariffs, leading to the Articles of Confederation's collapse. The Commerce Clause was thus essential to protecting a unified national market and preserving the federal Union. Federal interests hardly could be stronger. Arkansas recently enjoined a similar law on the same grounds. The evidence is also critical: public documents and media statements cannot reveal private drafting discussions, strategy, or the Act's anticipated effects. And the Legislators are nonparties facing no personal liability.

Finally, a blanket assertion of privilege is defective. Rule 45(e) requires privilege to be claimed per document, describing withheld materials sufficiently to permit a third-party assessment of the claim. The Legislators served no privilege log and no document-specific bases for withholding; the claim of privilege therefore must be denied.

Dated: September 16, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By: /s/ *Michael B. Kimberly*

Michael B. Kimberly (*pro hac vice*)
Linda M. Blair (*pro hac vice*)
WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Michael.Kimberly@winstontaylor.com
Linda.Blair@winstontaylor.com

Nathan R. Lee (*pro hac vice*)
WINSTON TAYLOR LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Nathan.Lee@winstontaylor.com

Todd Presnell
Timothy A. Rodriguez
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 252-2355
tpresnell@bradley.com
trodriguez@bradley.com

*Attorneys For Plaintiff Pharmaceutical Care Management Association*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, September 16, 2026, I served a true and correct copy of the foregoing instrument on Defendants' attorneys of record via the Court's CM/ECF filing system and on the Legislators' counsel, Matthew Kubicek, via email.

/s/ *Michael B. Kimberly*
Michael B. Kimberly