**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **IN RE: TENNESSEE SENATE BILL 2040**[1] | |
| **CVS PHARMACY, INC., *et al.*,**<br>**Plaintiffs,**<br>**v.**<br>**TENNESSEE BOARD OF PHARMACY, *et al.*,**<br>**Defendants.** | **Master Case No.:**<br>**3:26-cv-685**<br><br>**Consolidated with Case Nos.:**<br>**3:26-cv-806**<br>**3:26-cv-816**<br>**3:26-cv-818** |
| **EXPRESS SCRIPTS, INC., *et al.*,**<br>**Plaintiffs,**<br>**v.**<br>**MARLIN BLANE, *et al.*,**<br>**Defendants.** | **JUDGE RICHARDSON**<br><br>**MAGISTRATE JUDGE FRENSLEY** |
| **PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION,**<br>**Plaintiff,**<br>**v.**<br>**MARLIN BLANE, *et al.*,**<br>**Defendants.** | |
| **UNITEDHEALTH GROUP, INC., *et al.*,**<br>**Plaintiffs,**<br>**v.**<br>**MARLIN BLANE, *et al.*,**<br>**Defendants.** | |

## INITIAL CASE MANAGEMENT ORDER

A. JURISDICTION: The Court has jurisdiction pursuant to 28 U.S.C. §1331.

B. BRIEF THEORIES OF THE PARTIES:

For Plaintiffs: Plaintiffs all raise federal constitutional and statutory preemption challenges to Tennessee Senate Bill 2040 (the Freedom, Access, and Integrity in Registered Pharmacy Act,

[1] Pursuant to this Court's July 27, 2026 Order (Doc. No. 68), case numbers 3:26-cv-685, 3:26-cv-806, No. 3:26-cv-816, and 3:26-cv-818 have been consolidated, and the Court ordered the parties to file a joint notice as to how the case caption should read in this consolidated action. The parties submitted that notice (Doc. No. 72), proposing the caption used here.

or "Act") signed into law earlier this year, which forbids any person or entity from owning or controlling a pharmacy as well as a "health insurance issuer" and a "pharmacy benefits manager." The claims of the four plaintiff groups are substantially similar. Each complaint alleges that the Act violates or is preempted by (1) the Commerce Clause; (2) the Employee Retirement Income Security Act of 1974; and (3) the Medicare Prescription, Drug, Improvement, and Modernization Act of 2003. In addition, the *CVS Pharmacy* and *UnitedHealth Group* plaintiffs bring a claim under the Takings Clause, and the *Express Scripts* plaintiffs bring a claim for preemption by the federal TRICARE program.

For Defendants: Each of the five claims brought by the various plaintiff groups against the FAIR Rx Act fails as a matter of law and should be dismissed. The FAIR Rx Act, which applies to all pharmacies operating in the State, does nothing more than forbid a particular organizational structure that the General Assembly has determined is responsible for increased patient costs and diminishing patient choice. The FAIR Rx Act's prohibition on that organizational structure does not effectuate a taking such that just compensation is required, does not violate the Commerce Clause, and is not preempted by the Employee Retirement Income Security Act of 1974, the Medicare Prescription, Drug, Improvement, and Modernization Act of 2003, or the federal TRICARE program. Instead, the Act is a valid exercise of the General Assembly's legislative power. Each claim should be dismissed in its entirety, and no plaintiff group is entitled to preliminary or permanent injunctive relief, attorneys' fees, costs or any other form of relief.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Merits and remedies. The disputed merits issues include whether the Act violates the Commerce Clause or the Takings Clause of the U.S. Constitution, and whether the Act is preempted by the Employee Retirement Income Security Act

of 1974, the Medicare Prescription, Drug, Improvement, and Modernization Act of 2003, and/or the federal TRICARE program. The disputed remedies issues include whether Plaintiffs are entitled to a permanent injunction preventing enforcement of the Act against them or a declaration deeming the Act invalid under Plaintiffs' various theories, whether the *Express Scripts* plaintiffs are entitled to a preliminary injunction, and whether Plaintiffs are entitled to attorneys' fees and costs and/or any other form of relief.

E. INITIAL DISCLOSURES: The parties exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on **August 3, 2026**.

F. CASE RESOLUTION PLAN AND JOINT STATUS REPORTS: The parties are encouraged to consider the Alternative Dispute Resolution options provided in Local Rules 16.02 through 16.05. **Because the parties have not proposed a detailed plan for resolution of the case in their proposed initial case management order, the Court will establish case resolution plan requirements.** By **December 3, 2026**, the parties shall submit a joint report confirming that they made a good-faith attempt to resolve the case. The report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested, either in the joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

G. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before N**ovember 19, 2026.** The Parties shall file a status report regarding the pending discovery motions by **September 28, 2026**, as directed at case management conference.

A party may not bring a discovery dispute to the Court for resolution before lead counsel for that party has held a telephonic or in-person discussion with lead counsel for every one of the

parties adverse to it with respect to the dispute (which, in the case of multiple adverse parties, may occur separately with different adverse parties) and has made a good-faith effort to resolve the dispute. Discovery disputes that cannot be resolved after the required discussion(s) should be brought promptly to the attention of the Magistrate Judge via a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **November 9, 2026**. In connection with any discovery conference or discovery motion, the applicable parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for every applicable party held the aforementioned telephonic or in-person discussion(s) and made a good-faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01(a)(2) or (a)(3), but must clearly state in the filing (made in accordance with any timing requirements set forth in Local Rule 7.01(a)(3)) that the joint statement is adopted as the party's memorandum of law or response, as the case may be.

H. MOTIONS TO AMEND OR TO ADD PARTIES: The deadline for filing any motions to amend or to add parties was **August 14, 2026**.

I. TELEPHONE STATUS CONFERENCE: A subsequent case management conference shall be held telephonically on **November 4, 2026, at 9:30 a.m**. to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter

23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

J. DISPOSITIVE MOTIONS: As provided above, the parties must attempt to resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **December 15, 2026**. Responses to dispositive motions shall be filed within 30 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 21 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

All attorneys are required to read Judge Richardson's opinion in McLemore v. Gumucio, #3:19-cv-00530, 2021 WL 2400411 (M. D. Tenn. June 11, 2021), 619 F. Supp. 3d 816 (M. D. Tenn. June 11, 2021) (vacated on other grounds) regarding what should (or should not) be included in the Summary judgment movant's statement of undisputed material facts," and any party moving for summary judgment is expected to follow Judge Richardson's guidance as detailed in the McLemore opinion.

K. ELECTRONIC DISCOVERY: If the parties have reached an agreement on how to conduct electronic discovery, Administrative Order No.174-1 need not apply to this case. Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval. In the absence of an agreement, the

default standards of Administrative Order No. 174-1 will apply.

L. MODIFICATION OF CASE MANAGEMENT ORDER: Any motion to modify the case management order or any case management deadline shall be filed at least seven days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirement of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally scheduled deadline and the facts demonstrating good cause for modification of the deadline as required by Federal Rule of Civil Procedure 16(b)(4).

M. ESTIMATED TRIAL TIME AND TARGET TRIAL DATE: The parties believe that dispositive motions are likely to resolve the issues in this case. In the event that a trial is necessary, trial of this action, which is expected to last approximately six days, is scheduled for **May 3, 2027.** *See* Local Rule 16.01(h)(1). Trial will be without a jury unless the right to a jury trial is timely invoked and has been properly preserved.[2]

---

[2] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Federal Rule of Civil Procedure 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**

adverse consequences, and the Notice should be filed **only if <u>all</u> parties consent** to final disposition by the Magistrate Judge.