**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| IN RE: TENNESSEE SENATE BILL 2040 | Master Case No.:<br>3:26-cv-685<br><br>Consolidated with Case Nos.:<br>3:26-cv-806<br>3:26-cv-816<br>3:26-cv-818<br><br>JUDGE RICHARDSON<br><br>MAGISTRATE JUDGE FRENSLEY |

**PLAINTIFF PHARMACEUTICAL CARE MANAGEMENT ASSOCIATION'S REQUEST FOR DISCOVERY CONFERENCE WITH MAGISTRATE JUDGE FRENSLEY**

Pursuant to Magistrate Judge Frensley's Practice and Procedure Manual Section III.D.4, Plaintiff Pharmaceutical Care Management Association (PCMA), requests a telephonic discovery conference to resolve a dispute regarding PCMA's request to depose nonparties Bobby Harshbarger, Shane Reeves, Ferrell Haile, Ken Yager, Rick Scarbrough, and Randy McNally (collectively, the Legislators).[1]

PCMA previously served the Legislators with subpoenas for document production, but the Legislators refused to respond based on sovereign immunity, legislative privilege, relevance, and burden. On August 27, PCMA moved to compel. *See* Dkt. 79. The motion to compel is fully briefed and pending.

[1] Because the Legislators are not parties, it is unclear whether LR37.01(b) applies. In an abundance of caution, this Request for Discovery Conference contains the items required by LR37.01(b).

PCMA now seeks to schedule depositions of the Legislators, as the end of discovery is fast approaching. On October 20, PCMA's counsel conferred with counsel for both the Legislators and Defendants. The Legislators' counsel informed PCMA that they would object to the depositions on the same grounds as PCMA's previous discovery requests. The Legislators' counsel informed PCMA that the Court's resolution of the Motion to Compel may resolve those particular objections. The Legislators' counsel also informed PCMA that they would object to depositions on additional grounds, including under the apex deposition doctrine and on the intrusiveness of live testimony.

For the reasons already given in the motion to compel document production, PCMA believes the Legislators' assertions of privilege and other objections lack merit. Further, the apex deposition doctrine does not apply to state legislators, and in any event, PCMA is seeking information that is uniquely in the Legsislators' possession. PCMA is willing to conduct the depositions remotely to alleviate any perceived intrusiveness or burden.

Discovery is set to close on November 19, which means there is not time for normal motion practice to compel the Legislators to sit for depositions.

Accordingly, PCMA requests a discovery conference with Magistrate Judge Frensley to discuss the pending motion to compel and the Legislators' other objections. The Legislators' counsel has indicated he is open to attending the discovery conference.

Dated: October 21, 2026

Respectfully submitted,

**WINSTON TAYLOR LLP**

By: */s/ Michael B. Kimberly*

Michael B. Kimberly (*pro hac vice*)
Linda M. Blair (*pro hac vice*)
WINSTON TAYLOR LLP
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5000
Michael.Kimberly@winstontaylor.com
Linda.Blair@winstontaylor.com

Nathan R. Lee (*pro hac vice*)
WINSTON TAYLOR LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
Nathan.Lee@winstontaylor.com

Todd Presnell
Timothy A. Rodriguez
BRADLEY ARANT BOULT CUMMINGS LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 252-2355
tpresnell@bradley.com
trodriguez@bradley.com

*Attorneys for Plaintiff Pharmaceutical Care Management Association*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, October 21, 2026, I served a true and correct copy of the foregoing instrument on Defendants' attorneys of record via the Court's CM/ECF filing system and on the Legislators' counsel, Matthew Kubicek, via email.

*/s/ Michael B. Kimberly*
Michael B. Kimberly